**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, *et al.*, | ) | |
| | ) | Case No. 24 CV 11321 |
| Plaintiffs, | ) | |
| v. | ) | Honorable Judge Alexakis |
| EVANS & SON BLACKTOP, INC., an Illinois corporation, | ) | Magistrate Judge Kim |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, EVANS & SON BLACKTOP, INC., an Illinois corporation ("Defendant"), by and through its attorneys, Laner Muchin, Ltd., and for its answer to the Complaint of Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health & Welfare Fund, and Catherine Wenskus, not individually but as Administrator of the Funds (collectively the "Funds"), Defendant states as follows:

**COUNT I**

**(Failure to Pay Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

**ANSWER:** Defendant admits the allegations in Paragraph 1.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Defendant Evans and Son Blacktop, Inc. (hereinafter "Evans" or the "Company"), is an Illinois corporation. The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union, Laborers' Local Union No. 96 and the Company entered into an Independent Construction Industry Collective Bargaining Agreement on September 19, 2003 which binds the Company to all existing and successive area-wide Collective Bargaining Agreements, the most recent of which went into effect on June 1, 2021 ("Agreement"). A copy of the Company's Independent Construction Industry Collective Bargaining Agreement which adopts and incorporates the areawide negotiated Collective Bargaining Agreements and binds the Company to the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from signatory contractors union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois

Small Pavers Association Fund ("ISPA"), the Lake County Contractors Association Safety Fund ("LCCASE") and the Chicago Area Independent Construction Association ("CAICA" or collectively with all other funds identified in this Paragraph as "Ancillary Funds") to act as an agent in the collection of contributions due to those Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. The Company is obligated to pay between 10% liquidated damages on late-paid contributions, 20% liquidated damages on late-paid, Pension, Welfare, Retiree Welfare and Training Fund contributions, plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

**ANSWER:** Defendant admits the allegations in Paragraph 9.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust requires the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER:** Defendant admits the allegations in Paragraph 9.

10. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit and/or pay benefit reports and all contributions for the period of August 2024 forward, thereby depriving the Pension Fund of information and income necessary to administer the Fund;

(b) failed to submit and/or pay benefit reports and all contributions for the period of August 2024 forward, thereby depriving the Welfare Fund of information and income necessary to administer the Fund;

(c) failed to submit and or pay benefit reports and all contributions for the period of August 2024 forward, thereby depriving the Retiree Welfare Fund of information and income necessary to administer the Fund;

(d) failed to submit benefit reports and all contributions for the period of August 2024 forward, thereby depriving the Training Fund of information and income necessary to administer the Fund; and

(e) failed to submit benefit reports and all contributions for the period of August 2024 forward, thereby depriving the Ancillary Funds of information and income necessary to administer the Funds.

**ANSWER:** Defendant denies that it failed to submit benefit report forms for the period of August 2024 forward. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11(a)-(e).

12. The Company's actions in failing to submit timely payment of benefit contributions reports violates Section 515 of ERISA, 29 U.S.C. §1145.

**<u>ANSWER</u>:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. The Company's actions in failing to make timely reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185 and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

**<u>ANSWER</u>:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**<u>ANSWER</u>:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

**COUNT II**

**(Failure To Pay Union Dues)**

15. Plaintiffs reallege paragraphs 1 through 14 of Count I.

**<u>ANSWER</u>:** Defendant restates its answers to Paragraphs 1 through 14.

16. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

**<u>ANSWER</u>:** Defendant admits the allegations in Paragraph 16.

17. Dues reports and contributions are due by the 10th day following the month in which the work was performed. Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

**ANSWER:** Defendant admits the allegations in Paragraph 17.

18. Notwithstanding the obligations imposed by the Agreement, the Company failed to withhold and/or submit payment of dues for the period of September 2024 forward thereby depriving the Union of information and income.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

Dated: June 23, 2025

Respectfully submitted,

**EVANS & SON BLACKTOP, INC.**

By: /s/ *Megan M. Wilkes*

Christina K. Wernick
Megan M. Wilkes
Laner Muchin, Ltd.
Counsel for Defendant
515 North State Street, Suite 2400
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
*cwernick@lanermuchin.com*
*mwilkes@lanermuchin.com*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that she electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint,* with the Clerk of the Court using the CM/ECF system on this 23rd day of June, 2025, which will send notice of such filings to the following:

Patrick T. Wallace
Office of Fund Counsel
Attorneys for Plaintiffs
111 W. Jackson Blvd., Suite1415
Chicago, Illinois 60604
*PatrickW@chilpwf.com*

By: /s/ *Megan M. Wilkes*

Christina K. Wernick
Megan M. Wilkes
Laner Muchin, Ltd.
Counsel for Defendant
515 North State Street, Suite 2400
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
*cwernick@lanermuchin.com*
*mwilkes@lanermuchin.com*